CONNECTICUT FUND FOR the ENVIRONMENT and Natural Resources Defense Council, Inc.

v.

L & W INDUSTRIES, INC.

Civ. No. H–83–1082(JAC).

United States District Court, D. Connecticut.

March 31, 1986.

**1290**

James Thornton, New York City, Katharine H. Robinson, Hartford, Conn., for plaintiffs.

Alan M. Kosloff, Bloomfield, Conn., for defendant.

## RULING ON PENDING MOTIONS

JOSÉ A. CABRANES, District Judge:

This citizens' suit pursuant to the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("the Act"), is before the court on the plaintiffs' motion for partial summary judgment and the defendant's motion to dismiss.[1]

■ The Connecticut Fund for the Environment and the Natural Resources Defense Counsel ("the plaintiffs") have moved for partial summary judgment seeking a declaration that L & W Industries, Inc. ("the defendant") has violated the Act on 36 occasions by discharging effluents in excess of the levels allowed by its National Pollution Discharge Elimination System ("NPDES") permit CT0020699 into navigable waters of the United States. *See* Affidavit of James Thornton (filed April 23, 1984), Exhibit E. In addition, the plaintiffs assert that the defendant further violated the Act on 46 occasions by failing to file discharge monitoring reports ("DMRs") with the Connecticut Department of Environmental Protection as required by its NPDES permit. *Id.* at ¶ 6. The defendant has submitted no evidence to dispute the 82 violations of its NPDES permit that have been alleged by the plaintiffs. Accordingly, the plaintiffs contend that there remain no genuine issues of material fact with respect to the liability of the defendant under the Act.

The defendant argues in opposition to the plaintiff's motion for summary judgment and in support of its own motion to dismiss that this citizens' suit is precluded by the State of Connecticut's "diligent prosecution" of an earlier action to enforce the defendant's NPDES permit.

The Act authorizes citizens affected by a particular source of water pollution to sue in federal district court to enforce "an effluent standard or limitation under this chapter or ... an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1). An "effluent standard or limitation" includes "a permit or condition thereof." 33 U.S.C. § 1365(f). However, the Act provides that

> [n]o action may be commenced ... if the Administrator [of the Environmental Protection Agency ("EPA")] or State has commenced and *is diligently prosecuting* a civil or criminal action in a court of the United States, or a State, to require compliance with the standard, order, or limitation.

33 U.S.C. § 1365(b)(1)(B) (emphasis added).

It is undisputed that the State of Connecticut commenced a civil action in the state Superior Court on or about February

---

1. This is one of a number of similar cases brought by the plaintiffs that were transferred to the docket of the undersigned with the consent of the transferor judges and pursuant to an Order of Transfer and Reassignment (entered Aug. 2, 1983 by Chief Judge T.F. Gilroy Daly). The court has previously ruled upon several defenses common to the defendants in all of these actions. For example, the court ruled that the plaintiffs have standing to bring such actions, *see* Certified Official Transcript of Oral Ruling Delivered at a Hearing Held on November 19, 1984 (filed Nov. 26, 1984); that such actions are governed by the five-year statute of limitations applicable to government suits under the Clean Water Act, *see Connecticut Fund for the Environment, et al. v. The Job Plating Company,* 623 F.Supp. 207, 213 (D.Conn.1985) ("*Job Plating*"); and that certain alleged deficiencies in the state's NPDES permit program could not be challenged in such actions, *see id.* at 217–218. The defendant in this action, while not conceding the correctness of the court's earlier rulings, has not attempted to distinguish this case from *Job Plating* with respect to any of the foregoing issues. Accordingly, the court adopts by reference the reasoning of its rulings in *Job Plating* and addresses in this ruling only those issues of law that were not decided in the earlier case.

22, 1980, to enforce the terms and conditions of the defendant's NPDES permit. *See* Affidavit of Walter J. Smith (filed June 4, 1984), Exhibit I (writ, summons and complaint). A stipulated judgment was entered in that action on or about May 25, 1982. *See* Affidavit of William A. Wiliams (filed June 4, 1984) at ¶ 9. The instant suit was not filed until December 21, 1983.

■ The court can only conclude from these undisputed facts that as of December 21, 1983, the date on which this citizens' suit was commenced, neither the EPA Administrator nor the State of Connecticut was prosecuting, diligently or otherwise, any civil or criminal action to enforce the terms and conditions of the defendant's NPDES permit. Accordingly, the plaintiffs were not barred from commencing this citizens' suit by the "diligent prosecution" provision of 33 U.S.C. § 1365(b)(1)(B).[2]

■ The court must also reject the defendant's argument that the state's subsequent enforcement of the consent judgment at the administrative agency level was sufficient to constitute "diligent prosecution." Our Court of Appeals has unequivocally held that 33 U.S.C. § 1365(b)(1)(B) "will operate to preclude a citizen suit only if the Administrator of the EPA or a state has initiated and is diligently prosecuting an action *in a state or federal court.*" *Friends of the Earth v. Consolidated Rail Corporation,* 768 F.2d 57, 63 (2d Cir.1985) (emphasis added). It is therefore clear that enforcement actions pursued in administrative rather than judicial proceedings cannot constitute "diligent prosecution" for purposes of 33 U.S.C. § 1365(b)(1)(B).

### Conclusion

For the foregoing reasons, the defendant's motion to dismiss is denied and the plaintiffs' motion for partial summary judgment is granted.

It is so ordered.

---

**2.** A different result is not required merely because an uncontested motion to modify the stipulated judgment in the earlier state suit was granted by the Superior Court on October 15, 1984, nearly ten months after this citizens' suit was commenced. *See* Affidavit of Alan M. Kosloff (filed Nov. 1, 1984) at ¶ 4. The modification of the 28-month-old consent judgment on October 15, 1984, even assuming for the argument that it could have constituted "diligent prosecution" on that date, provides no evidence that the state was prosecuting any civil or criminal action against the defendant "in a court of the United States, or a State" on December 21, 1983.